Robert and Kathryn CLAPP,
Appellants,

v.

HAFERMAN WATER CONDITIONING,
INC., Respondent.

No. C9-86-1936.

Court of Appeals of Minnesota.

May 26, 1987.

Darrel A. Baska, Eagan, for appellants.

James T. Martin, Minneapolis, for respondent.

Heard, considered and decided by WOZNIAK, P.J., and LESLIE and MULALLY *, JJ.

## MEMORANDUM OPINION

LESLIE, Judge.

The facts of this case are fully set forth in *Clapp v. Haferman Water Conditioning, Inc.*, 380 N.W.2d 838 (Minn.Ct.App. 1986). In *Clapp I,* this court reversed the directed verdicts of the trial court, finding sufficient factual questions raised. The matter was remanded to the trial court for a new trial to require a jury to determine the intent of the parties in their use of the term "non-potable" and whether Haferman breached the settlement agreement.

The parties stipulated to have the matter heard by the trial court without a jury. The trial court found parties had intended to use the ordinary meaning of the term "potable"—safe for human consumption. Because the water in question was safe for human consumption, the court ruled Haferman had not breached the settlement agreement. The Clapps appeal this decision.

## DECISION

We will not disturb findings of fact unless clearly erroneous, and due regard is given to the opportunity of the trial judge to judge the credibility of the witnesses. Minn.R.Civ.P. 52.01. The Clapps claim the trial court erred because the parties intend-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

ed the term "potable" to include palatability factors, rather than merely safeness of consumption. The trial court reasoned that the Clapps drafted the settlement agreement and they could have included a more specific standard, if they wished. Because the Clapps failed to be more specific in their drafting of the contract, the court found the term to mean fit for consumption. This is a reasonable interpretation of the agreement, and well within the trial court's discretion. The Clapps were the drafters of the document. Any ambiguity should be construed against them. *Beattie v. Product Design & Engineering, Inc.*, 293 Minn. 139, 147, 198 N.W.2d 139, 143 (1972).

Affirmed.